

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-92,406-01

### EX PARTE SAMUEL DENNY ROBINSON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 976148-A IN THE 351ST DISTRICT COURT
### FROM HARRIS COUNTY

**YEARY, J., filed a concurring opinion in which SLAUGHTER, J. joined.**

### <u>CONCURRING OPINION</u>

Applicant, Samuel Denny Robinson, was convicted of murder and sentenced to sixty-five years' imprisonment. The First Court of Appeals affirmed his conviction. *Robinson v. State*, No. 01-12-00198-CR, 2014 WL 700760 (Tex. App.—Houston [1st Dist.] Feb. 20, 2014) (mem. op., not designated for publication). Applicant filed this application for the writ of habeas corpus alleging that his trial counsel was ineffective at the guilt and punishment phases of his trial. TEX. CODE CRIM. PROC. art. 11.07.

Today, the Court remands this application to the trial court for an evidentiary hearing. I agree that this application should be remanded, and so I join the Court's order

doing so. But I write separately to address my thoughts concerning the doctrine of laches and its possible application to this case.

Laches is a common-law doctrine, defined as

> neglect to assert right or claim which, taken together with lapse of time and other circumstances causing prejudice to an adverse party, operates as a bar in a court of equity. Also, it is the neglect for an unreasonable and unexplained length of time under circumstances permitting diligence, to do what in law, should have been done.

*Ex parte Perez*, 398 S.W.3d 206, 210 (Tex. Crim. App. 2013) (citing BLACK'S LAW DICTIONARY). Whether laches applies to bar a claim is determined on a case-by-case basis, by giving consideration to the length of the delay in seeking equitable relief, the reasons for the delay, and any prejudice to the opposing parties that results from the delay. *Ex parte Smith*, 444 S.W.3d 661, 666–67 (Tex. Crim. App. 2014). And, importantly, the court may consider and determine whether an applicant's claims should be barred by laches *sua sponte*. *Id.* at 667.

In *Ex parte Smith*, we set out some of the principles that justify a court's *sua sponte* consideration of the doctrine of laches. We explained:

> . . . the path to a habeas corpus remedy is a costly one, exacting enormous societal and administrative costs. Protracted habeas corpus litigation defers convictions' finality, undermines confidence in the integrity of our procedures and inevitably delays and impairs the orderly administration of justice. This in turn weakens the criminal law's deterrent and rehabilitative functions. There must come a time when a criminal conviction is final, when the deterrent effects of certainty and immediacy of punishment outweigh an inmate's right to endlessly litigate an appeal of his conviction. Moreover, a significant amount of judicial time, effort, and resources is expended in addressing the nearly 5,000 applications for writs of habeas corpus this Court received just last fiscal year, to say nothing about the equally taxing obligations of the lower courts in conducting proceedings, entering findings of fact and conclusions of law, and making recommendations on an applicant's request for relief. When a court is called upon to issue equitable relief, the State's failure to formally plead laches does not restrict a court's

> ability to balance equities beyond those that the parties advocate. A court may consider *sua sponte* the interests of the judicial system and society generally because they implicate values that may stretch beyond the concerns of the parties. Permitting courts to freely inquire about an applicant's delay broadly effectuates the maxim that he who seeks equity must do equity.

*Id.* at 667-68 (internal quotations and citations to authority omitted).[1]

The doctrine of laches ought to be considered in a case like this one. Applicant's conviction became final in 2014, but this application was not filed until approximately six years later. In addition, the record is silent with regard to circumstances that may excuse Applicant's delay.

Consistent with this Court's precedent, the trial court may, *sua sponte*, give Applicant the opportunity to explain the reasons for the delay. It may also give the State and/or former counsel for Applicant an opportunity to state whether Applicant's delay has caused any prejudice to their ability to defend against Applicant's claims. And ultimately, the trial court may include findings of fact and conclusions of law concerning the doctrine of laches in its response to this Court's remand order.

With these additional thoughts, I join the Court's order.

FILED:                    April 14, 2021
DO NOT PUBLISH

---

[1] The Court also explained, however, that "the habeas court should act on its own sparingly, questioning only those applications demonstrating an excessive delay that undermines or obstructs the principles and virtues the criminal-justice system promotes." *Id.* at 668.